UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HIRAM TORRES,

                                    Plaintiff,

            -against-

Detective JAMES BARRY, Shield No. 03171; Detective JOSHUE I. PEREZ, Shield No. 7624; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                   Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF JAMES BARRY**

14 CV 2876 (VSB)

<u>Jury Trial Demanded</u>

ECF Case

        Defendant James Barry[1], by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his Answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports lay venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption as "Detective JOSHUE I. PEREZ, Shield No. 7624," has not been served with process and/or has not requested legal representation from the Office of the Corporation Counsel and, therefore, is not yet a party to this action.

5. Paragraph "5" of the Complaint contains no averments of fact and, therefore, requires no response.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that he is employed by the City of New York as a police detective and that plaintiff purports to sue him as set forth therein.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that he is employed by the City of New York as a police sergeant and that plaintiff purports to sue him as set forth therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiff purports to sue the John and Jane Does as set forth therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff purports to sue the John and Jane Does as set forth therein.

11. Paragraph "11" of the Complaint contains conclusions of law rather than averments of fact and, therefore, requires no response.

12. Admits the allegations set forth in paragraph "12" of the Complaint, except denies that plaintiff's activity was "lawful."

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff was transported to the 48th Precinct stationhouse.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that plaintiff was transported to Bronx Central Booking.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits that plaintiff was arraigned and released on his own recognizance.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiff's criminal charges were dismissed and sealed on or about May 7, 2013.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. In response to the allegations set forth in paragraph "23" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. In response to the allegations set forth in paragraph "29" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

42. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the intervening culpable and/or negligent conduct of others and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit under state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. There was probable cause for plaintiff's arrest, detention and/or prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. There was reasonable suspicion for any stop or search of the plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

48. The defendant did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

49. At all times relevant to the acts alleged in the Complaint, the defendant acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

50. Plaintiff failed to mitigate damages.

**WHEREFORE,** defendant James Barry requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 17, 2014

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendant James Barry*
City of New York
100 Church Street
New York, New York 10007
(212) 356-2371

By: _____/S_____
Karl J. Ashanti, Esq.

To:
Gabriel P. Harvis, Esq. (By ECF and Mail)
Harvis, Wright & Fett, LLP
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, New York  10007
 (212) 323-6880

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that, on **July 17, 2014,** I served the annexed **Answer to Complaint on behalf of James Barry** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Gabriel P. Harvis, Esq.
Harvis, Wright & Fett, LLP
305 Broadway, 14th Floor
New York, New York  10007

Dated: New York, New York
       July ___, 2014

                                                      /S
                                      Karl J. Ashanti, Esq.

Index No. 14 CV 2876 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIRAM TORRES,

Plaintiff,

-against-

Detective JAMES BARRY, Shield No. 03171; Detective JOSHUE I. PEREZ, Shield No. 7624; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF JAMES BARRY**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant James Barry*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti, Esq.*
*Tel: (212) 356-2371*
*Law Manager No. 2014-016142*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2014......*

*......................................................................... Esq.*

*Attorney for ................................................................*