UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HIRAM TORRES,

                        Plaintiff,

                -against-

Detective JAMES BARRY, Shield No. 03171;
Detective JOSUE I. PEREZ, Shield No. 7624;
Sergeant PATRICIO OVANDO, Shield No. 2047;
Detective MICHAEL SMYTH, Shield No. 420;
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 2876 (VSB)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Hiram Torres ("plaintiff" or "Mr. Torres") is a resident of Bronx County in the City and State of New York.

7.  Defendant Detective James Barry, Shield No. 03171 ("Barry"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Barry is sued in his individual and official capacities.

8.  Defendant Detective Josue I. Perez, Shield No. 7624 ("Perez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Perez is sued in his individual and official capacities.

9.  Defendant Sergeant Patricio Ovando, Shield No. 2047 ("Ovando"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ovando is sued in his individual and official capacities.

10. Defendant Detective Michael Smyth, Shield No. 420 ("Smyth"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Smyth is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 5:00 p.m. on May 20, 2012, plaintiff was lawfully present in the vicinity of 2026 Lafontaine Avenue in Bronx, New York.

15. The defendants approached plaintiff and stopped and searched him without reasonable suspicion to believe had committed a crime or offense.

16. Nothing illegal was recovered from plaintiff.

17. Even though the defendants knew that they lacked probable cause, they handcuffed and falsely arrested Mr. Torres.

18. Mr. Torres was put in a police van and driven around for several hours before ultimately being taken to the 48th Precinct.

19. At the precinct the officers falsely informed employees of the Bronx County District Attorney's Office that they had observed plaintiff sell and possess

marijuana and prepared and forwarded false evidence, including an arrest report.

20. At no point did the officers observe plaintiff sell or posses marijuana.

21. Plaintiff was taken from the precinct to Bronx Central Booking.

22. After spending over 20 hours in custody, Mr. Torres was arraigned and released on his own recognizance.

23. On the threat of the issuance of an arrest warrant and of arrest, Mr. Torres was compelled to return to Court repeatedly until all charges were dismissed and sealed on or about May 7, 2013.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## **FIRST CLAIM**
**Unlawful Stop and Search**

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.   The individual defendants created false evidence against plaintiff.

37.   The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

38.   In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     August 28, 2014
           New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Gabriel Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@hwandf.com

                                        *Attorneys for plaintiff*